David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
(602) 265-3332
(602) 230-4482

Attorneys for Plaintiff
Teresa McGlothlin

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Teresa McGlothlin<br><br>                    Plaintiff,<br>v.<br><br>Reasonable Solutions, LLC d/b/a RS Processing; Harriet Jackson,<br><br>                    Defendants. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter

1. "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Teresa McGlothlin, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Reasonable Solutions, LLC d/b/a RS Processing (hereinafter referred to as "Reasonable Solutions"); Harriet Jackson ("Jackson") (and collectively referred to as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place while Defendants were located in Arizona.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law 15 U.S.C. § 1692(k); 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012); and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq. ("TCPA").

9. Because Defendants do business within the State of Arizona, County of Maricopa, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, Defendants conducted business within the State of Arizona.

## PARTIES

12. Plaintiff is a natural person who resides in the City of Phoenix, State of Arizona.

13. Defendants are located in the City of Rock Hill, in the State of South Carolina.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Plaintiff is informed and believes and thereon alleges that each individual Defendant was acting as an agent of the other named Defendants in this action; Therefore, each Defendant can be held responsible and is vicariously liable for the conduct of the other named Defendants and vice versa.

## FACTUAL ALLEGATIONS

*Alleged Debt*

18. Sometime before September 25, 2015, Plaintiff is alleged to have incurred certain financial obligations.

19. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. Sometime thereafter, but before September 25, 2015, Plaintiff allegedly fell behind in the payments allegedly owed and defaulted on the alleged debt. Plaintiff currently disputes the validity of this alleged debt.

21. Subsequent to the default, but before September 25, 2015, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

*Automated Calls*

22. Defendants have attempted to contact Plaintiff on multiple occasions upon her cell phone since approximately September 2015 using a pre-recorded voice.

23. Plaintiff has never given her cell phone number to the alleged original creditor or to any of the Defendants, which means they are contacting Plaintiff upon her cell phone without prior express consent.

24. To further illustrate Defendants' lack of consent, Plaintiff did not have her current phone number at the time the debt was allegedly defaulted on.

25. Plaintiff is informed and believe, and thereon allege, that Defendants contacted Plaintiff on her cellular telephone, via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

26. Plaintiff is informed and believe, and thereon allege, that the telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurs a charge for all incoming calls pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

27. Plaintiff is informed and believe, and thereon allege, that Defendants' collection calls constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

28. Plaintiff is informed, and believe, and thereon allege that Plaintiff did not provide express consent to receive calls on their cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

29. Defendants' collection calls were in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

*Collection Abuse*

30. During their collection attempts Defendants would leave voicemails stating there was an "[A]ctive order pending processing through Maricopa County. It is directly tied to your social security number and your state issued I.D. At this time you do have the right to contact the Plaintiff prior to your order being served through your county…"

31. Through these threats, Defendants have threatened to sue Plaintiff despite the fact that statute of limitations on their ability to sue Plaintiff has already expired, and Plaintiff is informed and believes this is conduct that they cannot legally take.

32. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

33. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

34. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

35. Through this conduct, Defendant represented or implied that nonpayment of any debt would result in the arrest or imprisonment of a person or the seizure, garnishment, attachment, or sale of property or wages of a person when such

action was not lawful Defendant did not intended to take such action. Consequently, Defendant violated 15 U.S.C. § 1692e(4).

36. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

37. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

*Lack of Required Notices*

38. In every conversation with Defendants' agent, Defendants failed to properly identify their company nor provide any notices to Plaintiff.

39. Through this conduct, Defendants placed a telephone call without meaningful disclosing of the caller's true identity. Consequently, Defendant violated 15 U.S.C. § 1692d(6).

40. Defendants failed to disclose in the initial communication with the consumer that Defendants were attempting to collect a debt and that any information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector. Consequently, Defendants violated 15 U.S.C. § 1692e(11).

41. Defendants failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendants would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendants in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendants would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification

or judgment would be mailed to Plaintiff by Defendants and that Defendants would provide Plaintiff with the name and address of the original creditor. This omission by Defendants violated 15 U.S.C. § 1692g.

*Unlicensed Debt Collector*

42. Defendants are engaged in the business of attempting to collect debts in the State of Arizona. The debts that are pursued by Defendants are debts that have been allegedly acquired by Defendants after the debts are in default.

43. Defendants do not hold a current or even an expired license to act as a debt collection agency in the State of Arizona as required by A.R.S. 32-1021.

44. Defendants have and continue to act as a debt collection agency in Arizona.

45. Defendants willfully and knowingly acted as a debt collection agency in Arizona without a license. The Defendants and all persons are presumed to know the law.

46. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

47. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

48. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

49. Through this conduct, Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection

with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

*Damages*

50. As a result of Defendants' abusive conduct, Plaintiff suffered actual damages in the form of mental anguish and emotional distress type damages, which manifested in symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, shame, feelings of hopelessness, and helplessness all impacting her job and personal relationships.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

51. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

53. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### COUNT II

### NEGLIGENT VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

54. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

55. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

56. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT III

### KNOWING AND/OR WILLFUL OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. 227

57. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

58. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

59. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT IV

### NEGLIGENT TRAINING AND SUPERVISION

60. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

61. Plaintiff is informed and believes and hereupon alleges that Defendant Jackson is the owner of Defendant Reasonable Solutions.

62. Defendant Jackson was negligent in the training, and/or supervision of its employees.

63. The actions and omissions of Defendants constitute negligence in that Defendant Jackson owed Plaintiff a duty to train, and/or supervise its employees properly, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

64. The actions and omissions of Defendants as described herein constitute grossly negligent, training, and/or supervision in that Defendant Jackson owed Plaintiffs a duty to train, and/or supervise its employees properly, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and the actions and omissions of Defendants demonstrate a want of scant care and an indifference to the rights of Plaintiff.  The actions of Defendants were willful, malicious, and wanton. The actions of Defendants were highly unreasonable and demonstrate an extreme departure from ordinary care.

## COUNT V

## FRAUD

65. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

66. Defendants' made several false threats to Plaintiff including threatening to have an order served on Plaintiff.

67. Defendants knew that the representation was false when they made it.

68. Defendants intended that Plaintiffs rely on the representation and pay Defendants for the alleged debt.

69. Plaintiffs were harmed by this fraud as it created an extreme amount of stress and anxiety for Plaintiff.

70. Plaintiff's reliance on Defendants' representation was a substantial factor in causing Plaintiff harm.

71. As said conduct was carried out by Defendants in an oppressive, malicious, despicable, gross and wonton manner, said conduct demonstrates Defendants'

intention to defraud. As such Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of $500.00 in statutory damages, for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);
- An award of $1,500.00, for each and every willful violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
- Special, general, compensatory and punitive damages.

72. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: December 4, 2015          By: */s/ David J. McGlothlin*
                                     David J. McGlothlin
                                     Attorneys for Plaintiff